T.C. Summary Opinion 2005-155


UNITED STATES TAX COURT


MATTHEW P. BROWN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8242-04S.          Filed October 20, 2005.


Matthew P. Brown, pro se.

Michael R. Fiore, for respondent.


PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 2001 and 2002 of $4,290 and $1,188, respectively. Respondent also determined accuracy-related penalties under section 6662(a) for the taxable years 2001 and 2002 of $858 and $237.60, respectively. The issues for decision are: (1) Whether petitioner is entitled to deductions for employee business expenses, and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a).

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Medford, Massachusetts.

During the years in issue petitioner was employed by Paychex, Inc. (Paychex), as an outside sales representative. Paychex provided payroll services to businesses. Petitioner sought to bring in new customers to utilize the payroll services provided by Paychex. Petitioner's sales territory consisted of southeastern New Hampshire and northeastern Massachusetts. Petitioner was responsible for 27 separate towns in this geographic area. Paychex's offices were located in Woburn, Massachusetts, and petitioner resided in Sandown, New Hampshire, during the years in issue. Petitioner's round trip commute between his home and office was 68.8 miles.

Petitioner drove his automobile to visit existing and potential customers. From the beginning of 2001 until November 16, 2001, petitioner utilized his Honda Accord (Honda) for both his business and personal transportation. On or after November 16, 2001, petitioner utilized a Nissan Maxima (Nissan) for all of his transportation. Petitioner estimated use of his automobile as approximately 20 percent personal and the remainder business. Petitioner calculated his mileage expense for each of the years in issue by reviewing the odometer of his automobile and designating a percentage of the miles driven as business miles.

Petitioner submitted weekly activity reports to his employer. Petitioner submitted to the Court copies of weekly activity reports for approximately 15 weeks for 2001 and for the entire year 2002. The weekly activity reports do not reflect the number of miles driven, nor do they contain other details as to specific business activity. Petitioner maintained a day planner; however he lost the planner for 2001 sometime in early 2002. Petitioner did not retain his day planner for 2002.

On his 2001 Federal income tax return, petitioner reported wages of $59,358 and claimed itemized deductions on Schedule A, Itemized Deductions, of $20,157. The claimed itemized deductions consisted of $19,807 of employee business expenses and $350 of gifts to charities. On his 2002 Federal income tax return petitioner claimed itemized deductions of $9,091, consisting of

taxes paid of $1,471, employee business expenses of $7,520, and gifts to charities of $100.[1]  Petitioner also received reimbursement of employee business expenses of $6,099 for each of the years 2001 and 2002.  The $6,099 that petitioner received in each of the years in issue was not dependent on the actual expenses incurred or miles driven.  Petitioner was not required to report the number of miles driven to his employer.  The payment was described by petitioner as an "expense allowance".  Petitioner did not report the $6,099 as income on his respective returns.

In a notice of deficiency respondent disallowed all the itemized deductions claimed on the 2001 and 2002 returns.  Before trial the parties agreed that petitioner is entitled to deductions for gifts to charities as claimed on the 2001 and 2002 returns.  The parties further agreed that petitioner is entitled to the claimed deduction for taxes for 2002.[2]  Respondent did not adjust petitioner's income to include the $6,099 in reimbursed

---

[1]  The 2002 Federal income tax return was not made part of the record; however, other evidence, including copies of Forms W-2, Wage and Tax Statement, reflect that petitioner received salary in the amount of $61,868.83.

[2]  The notice of deficiency allowed a standard deduction in lieu of the claimed itemized deductions for 2001 and 2002.  It is not clear whether the allowance of the itemized deductions for gifts to charity and for taxes will result in any tax benefit to petitioner.  The Court will enter a decision under Rule 155 and permit the parties to compute the tax liability that is most advantageous to petitioner.

employee business expenses which petitioner did not report on his returns for each of the years 2001 and 2002.

The issues remaining for decision are the claimed employee business expenses, which is composed of mileage expenses relating to the business use of petitioner's automobile for each of the years in issue and the accuracy-related penalties.

Burden of Proof

Generally, the burden of proof is on the taxpayer. Rule 142(a)(1). Under section 7491, the burden of proof shifts from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Sec. 7491(a)(1). Petitioner has neither argued that the burden of proof should shift nor satisfied the criteria that would cause the burden of proof to shift. Given the lack of documentation and information provided by petitioner in this case, we conclude that the burden of proof remains with petitioner.

Mileage Expense

Section 162(a) permits a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. A trade or business includes the trade or business of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). Expenses that are personal in nature are generally not allowed as deductions. Sec.

262(a).  A taxpayer is required to maintain records sufficient to establish the amount of his income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.  A taxpayer must substantiate his deductions by maintaining sufficient books and records to be entitled to a deduction under section 162(a).

When a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the exact amount, we are permitted to estimate the deductible amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We can estimate the amount of the deductible expense only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the general rule of Cohan v. Commissioner, supra, and prohibits the Court from estimating the taxpayer's expenses with respect to certain items.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Section 274(d) imposes strict substantiation requirements for listed property as defined in section 280F(d)(4), gifts, travel, entertainment, and meal expenses. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  To obtain a deduction for a listed property, travel, meal, or entertainment expense, a taxpayer must substantiate by adequate records or sufficient evidence to

corroborate the taxpayer's own testimony the amount of the expense, the time and place of the use, the business purpose of the use and, in the case of entertainment, the business relationship to the taxpayer of each person entertained. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires that expenses be recorded at or near the time when the expense is incurred. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i). Petitioner therefore must meet the strict requirements of section 274 to be entitled to a deduction related to car expenses. If a taxpayer is unable to fulfill the requirements of section 274(d), he is not entitled to the deduction.

Petitioner's records with respect to his car expenses fail to satisfy the requirements of section 274(d). The weekly activity sheets prepared by petitioner and provided to his employer do not contain sufficient information to satisfy the requirements of section 274(d). Petitioner's day planners, which may have contained additional detailed information, were not available. Petitioner testified that he lost the planner for 2001 and disposed of the planner for 2002. Petitioner did not provide a reconstruction of his mileage expenses in an attempt to satisfy the substantiation requirements. Petitioner failed to

establish the amount of the expense, the time and place of each use, and the business purpose of the use of the Honda and Nissan. Respondent is sustained on this issue.

Accuracy-Related Penalty

Respondent determined that petitioner is liable for the accuracy-related penalties under section 6662(a) for 2001 and 2002. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" consists of any careless, reckless, or intentional disregard. Sec. 6662(c).

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-

4(b)(1), Income Tax Regs.  Section 1.6664-4(b)(1), Income Tax Regs., specifically states:  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer."

Pursuant to section 7491(c), the Commissioner has the burden of production with respect to a section 6662 accuracy-related penalty.  To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the relevant penalty.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden of production, the taxpayer continues to have the burden of proof with regard to whether the Commissioner's determination of the penalty is correct.  Rule 142(a); Higbee v. Commissioner, supra.  Further, the taxpayer bears the burden of proving that he or she acted with reasonable cause and in good faith.  See sec. 6664(c)(1).

Respondent's burden of production is satisfied in this case since petitioner failed to maintain records to substantiate expenses as required.  Petitioner did not present any argument or evidence that the reporting of the claimed mileage deductions was based on reasonable cause or good faith.  Petitioner did not attempt to satisfy the record-keeping requirements for his mileage expense deductions, nor did he attempt to reconstruct the expense deductions at trial.  We conclude that petitioner has

failed to show that he acted with reasonable cause or in good faith.  Accordingly, we hold petitioner is liable for the accuracy-related penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.